```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
```
In re:                                              Chapter 7
Cottonwood Vending LLC,                             Case No. 23-43027-nhl
                Debtor.
```
------------------------------------------------------------- X
```
Adam Sherman, individually and derivatively on
behalf of Cottonwood Vending LLC,
                Plaintiff,

-against-                                           Adv. Pro. No. 23-1093-nhl

Cottonwood Vending LLC, Aniello Zampella, and
Coindado LLC,
                Defendants.
```
------------------------------------------------------------- X
```
Jason Penner individually and derivatively on
behalf of Cottonwood Vending LLC,
                Plaintiff,

-against-                                           Adv. Pro. No. 24-1034-nhl

Cottonwood Vending LLC, Aniello Zampella, and
Coindado LLC,
                Defendants.
```
------------------------------------------------------------- X
```
Secure Card Management LLC,
                Plaintiff,

-against-                                           Adv. Pro. No. 24-1037-nhl

Cottonwood Vending LLC and Aniello Zampella,
                Defendants.
```
------------------------------------------------------------- X
```

## MEDIATOR'S REPORT

By Mediation Referral Order dated June 12, 2024 [Dkt. No. 94] (the "Mediation Referral Order"), the Court referred certain pending matters to mediation and appointed the undersigned, William C. Heuer, Esq., as mediator, and by Stipulation and Mediation Order entered by the Court on July 17, 2024 [Dkt. No. 96] (the "Mediation Order"), the Court and the parties confirmed my appointment.

The mediation was conducted in accordance with the procedures set forth in the Mediation Referral Order and Mediation Order and the Local Bankruptcy Rules.

I make this report in accordance with Local Bankruptcy Rule 9019(f). Local Bankruptcy Rule 9019(f)(ii) provides that if the mediation parties do not reach an agreement and the mediation is at an impasse, then the mediator shall report that the mediation has reached an impasse and should be concluded. LBR 9019(f)(iii) provides that upon filing of the mediator's report, the mediation "will be placed in suspense and the mediator will be excused from undertaking any further actions, unless otherwise requested by the mediation participants or directed by the Court."

With respect to the matters subject to the Mediation Order, each party was asked to provide me with a comprehensive mediation statement and information, and all parties complied with this request. Follow-up requests for additional information were complied with.

Each party participated in multiple mediation sessions as per my requests. Some mediation sessions were between me and individual parties, and others involved party-to-party discussions with my assistance and involvement.

The mediation parties have not reached an agreement and are, in my view, at an impasse. I will make myself available to further assist the Court and the parties as may be beneficial in the future but at present, we are at an impasse.

As mediator, I believe that all parties conducted themselves in good faith and that the mediation included frank and creative exchanges of ideas by all of the parties.

Dated: Uniondale, New York
   October 22, 2024

             WESTERMAN BALL EDERER MILLER
             ZUCKER & SHARFSTEIN, LLP

             By: *William C. Heuer*
               William C. Heuer, Esq., as Mediator