YOU ARE RECEIVING THE ENCLOSED DOCUMENTS BECAUSE PARTY IN INTEREST ANIELLO ZAMPELLA IS OBJECTING TO YOUR PROOF OF CLAIM FOR THE REASONS DESCRIBED IN THE ENCLOSED OBJECTION. YOU ARE NOT REQUIRED TO RESPOND TO THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE DISALLOWED AS PROVIDED THEREIN. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY REGARDING THE OBJECTION AND YOUR RIGHTS.

**Hearing Date: December 4, 2024, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 28, 2024, at 4:00 p.m. (prevailing Eastern Time)**

**FORCHELLI DEEGAN TERRANA LLP**
Gerard R. Luckman
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
(516) 248-1700

– and –

Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, New York 11249
(718) 451-6384

*Co-counsel to Party in Interest Aniello Zampella*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>COTTONWOOD VENDING LLC,<br><br>                  Debtor. | Case No. 23-43027-NHL<br><br>Chapter 7 |

**NOTICE OF HEARING ON PARTY IN INTEREST**
**ANIELLO ZAMPELLA'S OBJECTION TO**
**PROOF OF CLAIM NO. 5 FILED BY ROBERT TAYLOR**

**PLEASE TAKE NOTICE** that on August 24, 2023 (the "Petition Date"), Cottonwood Vending LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). On November

16, 2023, the Bankruptcy Court converted the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code and appointed Richard J. McCord as trustee for the Debtor (the "Trustee").

**PLEASE TAKE FURTHER NOTICE**, that on **December 4, 2024, at 10:00 a.m., prevailing Eastern Time,** or as soon thereafter as counsel can be heard, a hearing (the "Hearing") will be held before the Honorable Judge Nancy H. Lord, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, on the objection (the "Objection") of the Party in Interest Aniello Zampella ("Zampella") seeking entry of an order, disallowing Proof of Claim No. 5, filed by Robert Taylor. A copy of the Objection, supporting declaration of Aniello Zampella, and all exhibits are enclosed with this Notice.

**PLEASE TAKE FURTHER NOTICE** that the that the Hearing will be held by videoconference conducted via Zoom. All parties in interest, their attorneys, and witnesses must attend the Hearing by videoconference via Zoom. Parties wishing to appear at the Hearing via Zoom, whether making a "live" or "listen only" appearance before the Court, must register through eCourt Appearances using the instructions on the Bankruptcy Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances. A video link will be provided by email to all parties that wish to participate 48 hours prior to the Hearing upon the party's registration with eCourt Appearances. Further information on the use of Zoom for Government can be found at the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.

**PLEASE TAKE FURTHER NOTICE**, that any responses to the relief requested in the Objection shall: (a) be in writing, (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of New York, and all General Orders applicable to Chapter 7 cases in the United States Bankruptcy Court for the Eastern District of New York; (c) be filed electronically with the Bankruptcy Court on the docket of *In re Cottonwood Vending LLC*,

No. 23-43027-NHL by registered users of the Court's electronic filing system; and (d) be personally served by **November 28, 2024, at 4:00 p.m., prevailing Eastern Time** (the "Response Deadline") on: (i) attorneys for party in interest Aniello Zampella, Forchelli Deegan Terrana LLP, 333 Earle Ovington Blvd, Suite 1010, Uniondale, New York 11553 (Attn: Gerard R. Luckman) and Ievgeniia P. Vatrenko, Esq., 2 Northside Piers, Brooklyn, New York 11249; (ii) attorneys for the Trustee, Certilman Balin Adler & Hyman LLP, 90 Merrick Avenue, East Meadow, NY 11554 (Attn: Robert Nosek); and (iii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 510, New York, New York 10004-1408 (Attn: Nazar Khodorovsky). The responsive papers should indicate the entity submitting the response, the nature of the response, and the basis of the response.

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely response by the Response Deadline may result in entry of a final order sustaining the Objection.

Dated: Brooklyn, New York
October 22, 2024

    *s/ Ievgeniia P. Vatrenko*
Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, New York 11249
Tel. No. (718) 451-6384
jenny@vatrenkoesq.com

– and –

**FORCHELLI DEEGAN TERRANA LLP**
Gerard R. Luckman
333 Earle Ovington Blvd, Suite 1010
Uniondale, New York 11553
Tel. No. (516) 248-1700
gluckman@forchellilaw.com

*Co-counsel to Party in Interest*
*Aniello Zampella*

> YOU ARE RECEIVING THE ENCLOSED DOCUMENTS BECAUSE PARTY IN INTEREST
> ANIELLO ZAMPELLA IS OBJECTING TO YOUR PROOF OF CLAIM FOR THE REASONS
> DESCRIBED IN THE ENCLOSED OBJECTION. YOU ARE NOT REQUIRED TO RESPOND TO
> THE OBJECTION, BUT IF YOU DO NOT RESPOND, YOUR CLAIM MAY BE DISALLOWED
> AS PROVIDED THEREIN. YOU SHOULD CONSIDER CONSULTING WITH AN ATTORNEY
> REGARDING THE OBJECTION AND YOUR RIGHTS.

**Hearing Date: December 4, 2024, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: November 28, 2024, at 4:00 p.m. (prevailing Eastern Time)**

**FORCHELLI DEEGAN TERRANA LLP**
Gerard R. Luckman
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
(516) 248-1700

– and –

Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, New York 11249
(718) 451-6384

*Co-counsel to Party in Interest Aniello Zampella*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>COTTONWOOD VENDING LLC,<br><br>         Debtor. | Case No. 23-43027-NHL<br><br>Chapter 7 |

**ANIELLO ZAMPELLA'S OBJECTION TO PROOF OF**
**CLAIM NO. 5 FILED BY ROBERT TAYLOR**

Aniello Zampella, in his capacity as the party in interest of the above-captioned Debtor, hereby submits this objection (the "Objection") and his accompanying declaration (the "Zampella Declaration"), seeking an order disallowing the proof of claim filed by Robert Taylor ("Claimant"), designated as Claim No. 5 on the Debtor's claims register (the "Claim"),[1] and respectfully states as follows:

---

[1] A copy of the Claim is attached as **Exhibit A**.

**Background**

1. The Debtor was organized on May 14, 2015, as a limited liability company ("LLC") in the State of Texas and reorganized as an LLC in the State of New York on June 2, 2016. Zampella is the Debtor's founder and sole member.

2. The Debtor was founded to provide the largest network of bitcoin ATM kiosks in the greater New York area. Bitcoin is a type of virtual currency or cryptocurrency that can be purchased on certain digital asset trading platforms.

3. In October 2021, the Debtor shut down its ATM kiosks and suspended its operations following a security breach of the Debtor's cloud-hosting provider DigitalOcean. As a result of the breach, the Debtor suffered a loss of 91.53446951 bitcoin, at the time worth approximately $5,490,000. After paying all operating expenses and obligations, the Debtor ceased all operations by December 21, 2021.

4. On August 24, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On November 16, 2023, the Bankruptcy Court converted the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code and appointed Richard J. McCord as Trustee for the Debtor.

6. On January 2, 2024, Robert Taylor, by his attorney Gregory Tuttle at Tuttle Yick LLP, filed Proof of Claim No. 5 on the basis of "litigation dispute concerning Debtor's revenues." Taylor did not file any exhibits or documents to support his Claim.

7. The litigation dispute referenced in the Claim is the case in the Supreme Court of the State of New York, New York County, Index No. 650845/2022, filed by Taylor against the Debtor, Zampella, Chad Russo, and Pierre Basmaji (the "State Court Complaint"). In that action, Taylor – who was recently convicted on seven felony counts for operating an underground,

multimillion-dollar network of unlicensed Bitcoin ATMs marketed towards criminals and lying on his tax returns[2] – claims that he is a one-third owner in a joint venture between the Debtor and Blue Tree[3] (an entity in which Taylor used to be a member), which entitles Taylor to one-third of the Debtor's profits (not revenues, contrary to the information supplied in the Claim).

**Relief Requested**

8. Based upon the legal arguments contained herein, by this Objection, Zampella seeks the entry of an order, substantially in the form attached here as **Exhibit B**, disallowing the Claim in its entirety because the allegations in Taylor's lawsuit against the Debtor are false – there was never a joint venture between Blue Tree and the Debtor, and Taylor is not entitled to any of the Debtor's profits or revenues – and Taylor has not provided any supporting documentation to sufficiently validate the asserted Claim, as required by Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Objection, Zampella submits the Zampella Declaration, attached here as **Exhibit C**.

**Jurisdiction And Venue**

9. The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Eastern District of New York, dated December 5, 2012. Zampella confirms his consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order or judgment by the Court in connection with this Objection to the extent

---

[2] *D.A. Bragg Announces Trial Conviction in Citywide Illegal Bitcoin ATM Operation*, MANHATTAN DISTRICT ATTORNEY'S OFFICE (May 16, 2024), https://manhattanda.org/d-a-bragg-announces-trial-conviction-in-citywide-illegal-bitcoin-atm-operation/.

[3] Capitalized terms undefined herein have the meaning ascribed in the Zampella Declaration.

that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

11. The bases for the relief requested herein are Sections 105 and 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007.

## Legal Argument

12. Pursuant to section 502(a) of the Bankruptcy Code, a filed proof of claim is deemed allowed unless a party in interest objects thereto. *See* 11 U.S.C. § 502(a).

13. When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Avaya, Inc*., 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See id*.

14. A party objecting to a proof of claim must only provide evidence sufficient to negate the prima facie validity of the claim by refuting one or more of the facts in the filed claim. *See Waterman S.S. Corp. v. Aguiar (In re Waterman Steamship Corp.)*, 200 B.R. 770, 774-75, 777 (Bankr. S.D.N.Y. 1996) (reopening discovery into asbestos claims due to insufficient information upon which to determine validity of claims); *see also In re Dreier, LLP*, 544 B.R. 760, 766, 772 (Bankr. S.D.N.Y. 2016) (disallowing certain enhanced claims when it was proven that claimants did not hold secured interests in property of the estate). Once this occurs, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re WorldCom, Inc*., No. 02-13533 (AJG), 2005 Bankr. LEXIS 3272, at *10-11, *28 (Bankr. S.D.N.Y. Dec. 29, 2005) (citing Bankruptcy Rule 3001(f) and holding that claimant did not meet its burden to prove validity of anticipatory breach and unjust enrichment claims, but that further evidence was needed to assess the merits of lack of good faith claim) (quoting *In re Allegheny Int'l, Inc*.,

954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re St. Johnsbury Trucking Co.*, 206 B.R. 318, 323, 328 (Bankr. S.D.N.Y. 1997) (citing Bankruptcy Rule 3001(f) and allowing claim where debtor failed to refute any of the material facts in proof of claim).

15. The claimant must prove the claim, not sit back while the objector attempts to disprove it. *See In re Bennett*, 83 B.R. 248, 252 (Bankr. S.D.N.Y. 1988) (holding that debtor presented sufficient evidence to rebut the prima facie validity of claimant's claim and that claimant failed to prove the claim by a preponderance of credible evidence); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim"); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16. As more fully set forth in the Zampella Objection, by failing to allege any facts in support of finding that the Debtor is legally liable to Taylor, Taylor's Claim lacks prima facie validity. Even if Taylor alleged the same facts that he alleges in his State Court Complaint, his Claim would be invalid because there was never a joint venture between Cottonwood and Blue Tree, the entity in which Taylor was a member, that entitled Blue Tree or Taylor to any share of Cottonwood's profits. Moreover, Cottonwood's termination of its relationship with Blue Tree was a result of Taylor's illegal conduct that exposed Cottonwood to criminal and civil liability, not unlike what Taylor currently faces from operating his own network of unlicensed Bitcoin ATMs marketed to criminals.

17. Accordingly, the Claim should be disallowed.

## Compliance with the Objection Procedures and the Bankruptcy Rules

18. Zampella respectfully submits that the notice and service of this Objection will be in full compliance with the Bankruptcy Rules for the following reasons:

   (a) The Objection will be filed with the Court and served upon (i) the Claimant party set forth on the Proof of Claim subject to this Objection or their respective attorney of record, (ii) the United States Trustee for the Eastern District of New York (the "U.S. Trustee"), and (iii) the parties who have filed a request for service of papers under Bankruptcy Rule 2002;[4]

   (b) This Objection will be set for hearing at least 30 days after the filing of this Objection.[5]

## Reservation of Rights

19. Zampella expressly reserves the right to amend, modify, or supplement this Objection, and to file additional objections to any other claims that may be asserted against the Debtor and its estate. Accordingly, it is without prejudice to the rights of Zampella or any other party in interest to object to any of the claims on the Debtor's claims register on any grounds whatsoever, and Zampella expressly reserves all further substantive or procedural objections he may have. Zampella further reserves the right to seek an adjournment of the Hearing on any response to this Objection, which adjournment will be noted on the notice of agenda for the Hearing. The agenda will be served on the person designated by the claimant in its response.

---

[4] *See* Fed. R. Bankr. P. 2002, 3007(a).

[5] *See* Fed. R. Bankr. P. 3007(a).

### Motion Practice

20. This Objection includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of its application to this motion. Accordingly, Zampella submits that this Objection satisfies Local Rule 9013-1(a).

### Notice

21. Notice of this Objection will be provided to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Debtor's Trustee; (c) counsel to the Claimant; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002. Zampella submits that, in the light of nature of the relief requested, no other or further notice need be given.

### No Prior Request

22. No prior request for the relief sought in this Objection has been made to this or any other court.

**WHEREFORE**, Zampella respectfully requests that this Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: Brooklyn, New York
October 22, 2024

*s/ Ievgeniia P. Vatrenko*
Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, New York 11249
Tel. No. (718) 451-6384
jenny@vatrenkoesq.com

– and –

**FORCHELLI DEEGAN TERRANA LLP**
Gerard R. Luckman
333 Earle Ovington Blvd, Suite 1010
Uniondale, New York 11553
Tel. No. (516) 248-1700
gluckman@forchellilaw.com

*Co-counsel to Party in Interest*
*Aniello Zampella*