**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 23-43027-nhl |
| COTTONWOOD VENDING LLC, | Chapter 7 |
| Debtor. | |

**ORDER GRANTING CREDITOR ROBERT TAYLOR'S CROSS-MOTION TO ABSTAIN FROM HEARING EQUITY SECURITY HOLDER ANIELLO ZAMPELLA'S OBJECTION TO CLAIM #5 AND GRANTING RELIEF FROM THE AUTOMATIC STAY TO PERMIT RESOLUTION OF THE UNDERLYING LITIGATION ON WHICH THE CLAIM IS BASED IN STATE COURT**

This matter having come before this Court on the objection (ECF [#99](#), "Objection") of equity security holder Aniello Zampella to Claim #5 filed by creditor Robert Taylor ("Taylor"), and Taylor's response to the Objection and cross-motion to abstain from hearing the Objection pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2) and for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to permit resolution of the underlying litigation on which the claim is based (Robert Taylor v. Aniello Zampella et al, Sup. Ct. N.Y. Co. Index 650845/2022) ("State Court Action") in state court; and this Court having found that cause exists to grant relief from the automatic stay to permit the State Court action to proceed as against all defendants therein including Cottonwood Vending LLC (the "Debtor"); now, therefore, it is hereby:

ORDERED, that this Court shall abstain from hearing the Objection pursuant to 28 U.S.C. § 1334(c); and it is further

ORDERED, the automatic stay is hereby modified and lifted, to permit the State Court Action to proceed, and to avoid doubt, Taylor is expressly authorized to prosecute said action and the claims asserted therein as against any and all defendants in said action including the Debtor; and it is further

ORDERED, that this order shall be immediately enforceable, notwithstanding FRBP 4001(a)(3); and it is further

ORDERED, that this Court shall retain jurisdiction to interpret, implement and enforce the terms of this order.