**FORCHELLI DEEGAN TERRANA LLP**
Gerard R. Luckman
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
(516) 248-1700

– and –

Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, New York 11249
(718) 451-6384

*Co-counsel to Creditor and Party in Interest Aniello Zampella*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>COTTONWOOD VENDING LLC,<br><br>        Debtor. | Case No. 23-43027-NHL<br><br>Chapter 7 |

**RESPONSE OF PARTY IN INTEREST ANIELLO ZAMPELLA
TO CREDITOR ROBERT TAYLOR'S CROSS-MOTION
TO ABSTAIN FROM HEARING CLAIM OBJECTION AND
<u>FOR RELIEF FROM THE AUTOMATIC STAY</u>**

1

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 4

    I.   Permissive Abstention Is Not Warranted Here. ............................................... 5

    II.  Mandatory Abstention Is Not Warranted. ....................................................... 9

    III. The Court Should Deny Motion for Relief from Automatic Stay. ................ 10

CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) ................................................................................................. 4

*In re Abir*,
    2010 WL 1169929 (E.D.N.Y. Mar. 22, 2010) ........................................................ 5

*In re Containership Co. (TCC) A/S*,
    466 B.R. 219 (Bankr. S.D.N.Y. 2012) .................................................................. 11

*In re Ne. Indus. Dev. Corp.*,
    513 B.R. 825 (Bankr. S.D.N.Y. 2014) .................................................................... 6

*In re S. G. Phillips Constructors, Inc.*,
    45 F.3d 702 (2d Cir. 1995) .................................................................................. 4, 7

*In re Salander O'Reilly Galleries*,
    453 B.R. 106 (Bankr. S.D.N.Y. 2011) .................................................................... 6

*In re Sonnax Indus., Inc.*,
    907 F.2d 1280 (2d Cir. 1990) ...................................................................... 10, 11, 12

*In re Strathmore Grp., LLC*,
    522 B.R. 447 (Bankr. E.D.N.Y. 2014) ................................................................ 5, 6

*In re WorldCom, Inc. Sec. Litig.*,
    293 B.R. 308 (S.D.N.Y. 2003) ............................................................................. 5, 8

*Tallo v. Gianopoulos*,
    321 B.R. 23 (E.D.N.Y. 2005) ............................................................................ 4, 7, 9

**Rules and Statutes**

11 U.S.C. § 362 .......................................................................................... 1, 3, 10, 11
28 U.S.C. §1452 .................................................................................................... 3
28 U.S.C. § 1334 ........................................................................................ 1, 3, 5, 6, 9
28 U.S.C. § 157 .................................................................................................. 7, 9
Fed. R. Bankr. P. Rule 9027 ................................................................................. 3
Fed. R. Bankr. P. Rule 7042 ............................................................................... 13

Aniello Zampella hereby responds to Robert Taylor's cross-motion to abstain from hearing Zampella's Objection to Taylor's Claim No. 5 (ECF 99, the "Objection"), pursuant to 28 U.S.C. § 1334(c)(1) and (c)(2), and for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and states:

## INTRODUCTION

1. By filing his Proof of Claim No. 5 on the basis of "litigation dispute concerning Debtor's revenues," Taylor placed his pre-petition litigation claims against the Debtor within the Bankruptcy Court's core jurisdiction. The Court does not have a reason to abstain from resolving Taylor's Claim No. 5 and Zampella's Objection to it. The Court should, therefore, deny Taylor's request for abstention from hearing the Objection and relief from the automatic stay because his claim to one-third of the Debtor's profits is ultimately subject to the debtor-creditor claims resolution process in this Court.

## BACKGROUND

2. Zampella is the founder and sole member and owner of Cottonwood Vending LLC, the Debtor in this case. (ECF 4, Zampella Decl. ¶¶6, 13.) Cottonwood was organized on May 14, 2015, as a limited liability company ("LLC") in Texas and subsequently reorganized as an LLC in New York on June 2, 2016. (*Id.* ¶9.) Between 2015-2021, Cottonwood provided the largest network of Bitcoin ATM kiosks in the greater New York area. (*Id.* ¶10.)

3. Taylor is a convicted felon awaiting sentencing on seven felony counts for operating illegal Bitcoin ATMs in New York City between 2016-2021 as an unlicensed money transmitter, criminal tax fraud and filing false tax returns, and knowingly facilitating "tens of thousands of instances of identity theft and grand larceny through his network of clandestine, unlicensed bitcoin kiosks." (ECF 99-3 ¶¶23-24.)

4. For a short period in 2015 and early 2016, Taylor – as part of an entity called Blue Tree Management LLC – performed cash management, location leases, and customer-facing services for Cottonwood. Cottonwood terminated that relationship in April 2016, after Taylor had been caught mishandling cash from Cottonwood's Bitcoin ATMs and encouraging the use of Cottonwood's Bitcoin ATMs for illicit purposes, by giving customers suggestions on how to evade Cottonwood's KYC controls. (*Id*. ¶¶16-20.)

5. Taylor then proceeded to operate his own illegal network of Bitcoin ATMs in New York City, directly competing with Cottonwood and offering his clients a clandestine way to transmit illicit funds without requiring identifying information, unlike Cottonwood, for which Taylor inevitably was arrested. (*Id*. ¶¶23-24.)

6. After his Bitcoin ATMs were seized, and only days before his indictment, Taylor filed a lawsuit against Cottonwood, Zampella, and other Blue Tree members, individually and derivatively on behalf of Blue Tree, alleging that Taylor is a one-third owner in a joint venture between Blue Tree and Cottonwood, called "CoinBTM," which entitled Taylor to one-third of Cottonwood's profits. (*Id*. ¶¶28-29; ECF 99-5.) Given the timing of the lawsuit, it is likely that Taylor filed it to bolster his defense in the criminal case that his Bitcoin ATM business was properly licensed by virtue of having a relationship with Cottonwood, as he argued in his trial opening statement. (ECF 99-3 ¶29.) During trial, Taylor did not present any evidence of that defense and was convicted of "running an underground, unlicensed Bitcoin kiosk business intentionally targeted toward criminal clientele." D.A. Bragg Announces Trial Conviction in Citywide Illegal Bitcoin ATM Operation, MANHATTAN DISTRICT ATTORNEY'S OFFICE (May 16, 2024), https://manhattanda.org/d-a-braggannounces-trial-conviction-in-citywide-illegal-bitcoin-atm-operation/.

7. On August 24, 2023, Cottonwood filed the Chapter 11 voluntary petition for relief commencing its bankruptcy in this Court. (ECF 1.) Pursuant to Section 362(a)(1) of the Bankruptcy Code, the filing of the petition automatically stayed all legal proceedings involving the Debtor, including Taylor's state court action, *Taylor v. Zampella et al.*, commenced prior to the filing of the Chapter 11 petition. *See* 11 U.S.C. § 362(a)(1).

8. On September 22, 2023, the Debtor, through its proposed Chapter 11 counsel A.Y. Strauss LLC, removed the state court action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1334 and 1452 and Fed. R. Bankr. P. Rule 9027, as part of Cottonwood's bankruptcy proceeding pending before this Court. (*Taylor v. Zampella et al.*, S.D.N.Y. Case No. 23-cv-8409, ECF 1.) It appears that the Clerk of the Court incorrectly designated this matter on the docket as a "bankruptcy appeal," when it was, in fact, an action that was removed from state court. As a result, the case did not automatically get transferred to E.D.N.Y. as part of Cottonwood's Bankruptcy Case.

9. By an order signed on November 22, 2023, this Court converted the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code and appointed Richard J. McCord as Trustee for the Debtor, thereby terminating E.Y. Strauss's representation of the Debtor. (ECF 47.)

10. Following the conversion of this case to Chapter 7, Taylor moved to remand the case back to state court, but failed to serve the Trustee with a copy of his motion. (*Taylor v. Zampella et al.*, S.D.N.Y. Case No. 23-cv-8409 ECF 8 (Taylor's motion to remand); *id.* EFC 17 (Declaration of R. Nosek, counsel to the Trustee) ¶3 ("The record is clear here that counsel to Plaintiff Robert Taylor did not serve the Trustee with a copy of his client's motion.").) Because, at the time, the Debtor was no longer represented by A.Y. Strauss, who filed the removal notice,

the Debtor was unaware of the remand motion, and the motion was unopposed. As a result, the District Court granted Taylor's unopposed motion. (*Id*. ECF 9.) The District Court subsequently denied Zampella's motion to vacate the Remand Order. (*Id*. ECF 19.)

11. On January 2, 2024, Taylor, by his attorney Gregory Tuttle at Tuttle Yick LLP, filed Proof of Claim No. 5 on the basis of "litigation dispute concerning Debtor's revenues."

12. The filing of a proof of claim grants the Bankruptcy Court jurisdiction over the filer of the proof of claim, including subject matter jurisdiction over the claims asserted therein. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 58 (1989) ("[A]lthough petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, . . . when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity.") (citation omitted); *Tallo v. Gianopoulos*, 321 B.R. 23, 27 (E.D.N.Y. 2005) (holding that "the filing of the proof of claim placed [the filing creditor's] claims within the bankruptcy court's core jurisdiction.").

## ARGUMENT

13. Taylor's filing of his Claim No. 5 placed Taylor's litigation claim within the Bankruptcy Court's core jurisdiction, even if the bases for his claims are his pre-petition claims arising under state law. *In re S. G. Phillips Constructors, Inc.*, 45 F.3d 702, 705 (2d Cir. 1995). This Court should, therefore, hear Zampella's Objection and deny Taylor's request for relief from the automatic stay because his claims against the Debtor – including claims for breach of contract, unjust enrichment, and accounting – are ultimately subject to the debtor-creditor claims resolution process in this Court. (ECF 99-5.)

## I. Permissive Abstention Is Not Warranted Here.

14. Although permissive abstention lies within the sound discretion of the bankruptcy court, it is an exception to a court's general obligation to exercise conferred jurisdiction and, as such, it must be granted sparingly. *In re Strathmore Grp., LLC*, 522 B.R. 447, 457-58 (Bankr. E.D.N.Y. 2014) (Lord, J.) (citing *In re Abir*, Case No. 09-cv-2871, 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010)). The movant bears the burden of establishing that permissive abstention is warranted, *id.* at 458, and Taylor has not met that burden.

15. The factors considered by courts in this district for permissive abstention, pursuant to 28 U.S.C. § 1334(c)(1), or for equitable remand, pursuant to Section 1452(b), are somewhat duplicative, as the analysis under either ground is essentially the same. *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 332-34 (S.D.N.Y. 2003). In the context of this case, many of these factors weigh against permissive abstention, as follows.

16. <u>Effect on the Efficient Administration of the Bankruptcy Estate.</u> Abstention from hearing Zampella's Objection would detrimentally impact the efficient administration of the Debtor's estate. The basis for Taylor's Claim No. 5, *i.e.*, whether Taylor is entitled to one-third of the Debtor's profits, is in dispute, and its resolution will affect the rights of other creditors. The purpose "of extending bankruptcy jurisdiction to actions against certain third parties, as well as suits against debtors themselves, is to 'protect the assets of the estate' so as to ensure a fair distribution of those assets as a later point in time." *In re Strathmore*, 522 B.R. at 458. If this Court abstains, the interests of those parties, which must be considered, will not be taken into account.

17. Separately, the efficient administration of the Debtor's estate would be particularly furthered by adjudicating all claims against the Debtor in tandem, as part of the debtor-creditor claims resolution process in this Court, because any adjudication of one creditor's claim, especially

if the Trustee does not defend against litigation claims asserted against the Debtor, will necessarily affect the rights of the other creditors. If this Court abstains from hearing Zampella's Objection, and the Trustee does not defend against Taylor's claims against the Debtor in state court, there is an obvious and severe risk of inconsistent judgments, as well as judgments that other claimants may seek to void on the ground that they, as putative members of Cottonwood, are necessary parties. If the Court hears Zampella's Objection, with participation by the Trustee, those outcomes will not happen.

18. <u>Extent, Difficulty or Unsettled Nature of State Law Issues.</u> This factor weighs against abstention. Although Taylor asserts only state law claims against the Debtor in the underlying litigation, the issues set forth therein (breach of contract, unjust enrichment, and accounting) are not of any special degree of novelty or difficulty as to require determination by a state court. *In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 839 (Bankr. S.D.N.Y. 2014), *adopted*, No. 14-CV-7056 (NSR), 2015 WL 3776390 (S.D.N.Y. June 16, 2015) (finding that this factor weighed against abstention where "state law issues that predominate are not difficult or unsettled"). *See also In re Strathmore*, 522 B.R. at 458 (same); *In re Salander O'Reilly Galleries*, 453 B.R. 106, 123 (Bankr. S.D.N.Y. 2011) ("Bankruptcy courts may apply state law as a part of resolution of core proceedings.").

19. <u>Presence of a Related Proceeding in State Court.</u> This factor weighs against abstention from considering Zampella's Objection. *In re Ne. Indus. Dev. Corp.*, 513 B.R. at 839 (finding that this factor weighed against abstention where, as here, there was no related state court proceeding).

20. <u>Jurisdictional Basis Other Than Section 1334.</u> There are no other jurisdictional bases asserted other than 28 U.S.C. § 1334.

21. <u>Degree of Relatedness of the Proceeding to the Bankruptcy.</u> This factor weighs against abstention because this is a core proceeding. Taylor's filing of his proof of claim as the Debtor's creditor in the Bankruptcy Case (Claim No. 5) placed Taylor's claim within the Bankruptcy Court's core jurisdiction, even if the bases for his claim were his pre-petition claims arising under state law. *In re S. G. Phillips Constructors*, 45 F.3d at 705. As Taylor acknowledges (ECF 105 ¶26), the determination of liability on his litigation claims against the Debtor (allowance) would naturally affect the debtor's estate, and assets available for distribution to respective creditors. In this district, this factor weights in favor of adjudicating Zampella's Objection in the Bankruptcy Court. *Tallo*, 321 B.R. at 28. Separately, Zampella's Objection is a core proceeding under the catch-all provision of Section 157(b)(2)(O), which defines a core proceeding as any "other proceeding affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O).

22. <u>Substance Over Form of an Asserted "Core" Proceeding.</u> This factor weighs against abstention from hearing Zampella's Objection. Although Taylor's claims originated in state court, they became core due to the special powers of the Bankruptcy Court, and the resolution of Zampella's Objection affects the relationship between the Debtor and its putative creditor Taylor.

23. <u>Feasibility of Severing State Law Claims from Core Bankruptcy Matters.</u> This factor weighs against remand. Although Taylor asserts individual state law claims against Zampella (in addition to claims against the Debtor), those claims implicate Zampella's conduct in his capacity as Cottonwood's principal, and are therefore inseparable from Taylor's claims against the Debtor. The presence of multiple proceedings that involve intertwined state law claims that

7

would affect the administration of the Debtor's estate weigh in favor of hearing Zampella's Objection to ensure against duplicative efforts and inconsistent results between two forums.

24. <u>The Burden on the Court's Docket.</u> This factor is neutral. While the Bankruptcy Court is busy, given the above considerations, it is likely that the Bankruptcy Court is in a better position to consistently adjudicate all claims against the Debtor in tandem, as part of the debtor-creditor claims resolution process, which this Court will have to undertake in any case.

25. <u>Likelihood of Forum Shopping.</u> This factor weighs against remand. The purpose of hearing the Objection in this Court is to engage in the debtor-creditor claims resolution process in this Court, to resolve potentially overlapping claims made by different creditors, two of whom claim an ownership interest in the Debtor itself, not a hypothetically more favorable forum. There is nothing to suggest that this Court would provide a more favorable decision to Zampella than the state court would. To the contrary, this Court's decisions to date have not favored Zampella. The removal and transfer to this Court are solely to ensure against duplicative efforts and inconsistent results between multiple forums and to allow the Debtor's Trustee to fully participate in the claims resolution process.

26. <u>Existence of a Right to Jury Trial.</u> This factor is neutral. Zampella consents to entry of final order by the Bankruptcy Court (ECF 99 ¶9), and Taylor has waived his right to a jury trial when he filed his proof of claim in this Court. *In re WorldCom*, 378 B.R. at 753-54.

27. <u>The Presence of Non-Debtor Parties.</u> This factor is neutral. Defendants Zampella, Basmaji, Russo, and Blue Tree are non-debtors, but Taylor's claims against non-Debtors are predicated on establishing that Taylor is entitled to one-third of the Debtor's profits, and, separately, Zampella has an indemnification claim against the Debtor's estate (Claim No. 8-1), which would further weigh in favor of resolving his Objection in this Court.

28. <u>Comity.</u> This factor weighs against abstention. Other litigants, Adam Sherman and Jason Penner, assert claims derivatively on behalf of the Debtor as well as direct claims against the Debtor and Zampella. Although those cases are not "related," in that they do not arise from the same nucleus of operative facts, they all address who may be entitled to a share of the Debtor's estate, and their adjudication will affect the administration of the Debtor's estate. Accordingly, comity would require that the issues be addressed by the Bankruptcy Court rather than multiple forums.

29. <u>Prejudice to the Parties.</u> This factor is neutral. The Bankruptcy Court is only a few miles from the state court. Accordingly, neither Taylor nor Defendants will be prejudiced by a determination of this action by the Bankruptcy Court.

## II. Mandatory Abstention Is Not Warranted.

30. 28 U.S.C. § 1334(c)(2), which provides for mandatory abstention, does not apply to Zampella's Objection because its elements have not been satisfied.

31. Contrary to Taylor's assertion (ECF 105 ¶25), Zampella's Objection is a core claim under 28 U.S.C. § 157(b)(2)(A) as a "matter concerning the administration of the Debtor's estate." The litigation claims Taylor asserts against the Debtor, which underlie his Claim No. 5, are subject to the debtor-creditor claims resolution process in this Court because determination of the Debtor's liability to Taylor (allowance) would naturally affect the Debtor's estate and assets available for distribution to the creditors. *See Tallo*, 321 B.R. at 27 (holding that "the filing of the proof of claim placed [the filing creditor's] claims within the bankruptcy court's core jurisdiction.").

32. That Taylor's claim involves issues of state law does not make Zampella's Objection non-core; pursuant to 28 U.S.C. § 157(b)(3), a "determination that a proceeding is not a

9

core proceeding shall not be made solely on the basis that its resolution may be affected by State law."

### III. The Court Should Deny Motion for Relief from Automatic Stay.

33. Although 11 U.S.C. § 362(d)(1) permits this Court to grant relief from stay "for cause, including the lack of adequate protection of an interest in property of such party in interest," Taylor has not met his burden of demonstrating that "cause" to grant stay relief exists here.

34. Neither the statute nor the legislative history defines the term "for cause" and the legislative history gives only very general guidance. The Senate Report thus states:

> The lack of adequate protection of an interest in property is one cause for relief, but is not the only cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. Generally, proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay, ***which is protection of the debtor and his estate from his creditors***.

*In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285–86 (2d Cir. 1990) (emphasis added).

35. The Second Circuit identified several factors to be considered in deciding whether cause exists to lift the automatic stay to allow litigation to proceed in another forum, as follows:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax Indus.*, 907 F.2d 1280 at 1285-86.

36. The decision whether to lift the stay is entirely within the discretion of the Court, and the Court need only consider the relevant factors in making its determination. *In re Containership Co. (TCC) A/S*, 466 B.R. 219, 225 (Bankr. S.D.N.Y. 2012) (citing *In re Sonnax Indus.*, 907 F.2d at 1285).

37. In deciding whether to lift a stay and allow Taylor to continue litigation in state court, the Court "should consider the 'particular circumstances of the case, and ascertain what is just to the claimants, the debtor and the estate.'" *Id.* at 226. The burden of proof on a motion to lift or modify the automatic stay is a shifting one and rests initially on the moving party to make a showing of "cause" for relief. *Id.* In the event "the movant fails to make an initial showing of cause . . . the court should deny relief without requiring a showing from the debtor that it is entitled to continued protection." *Id.* (citing *In re Sonnax Indus.*, 907 F.2d at 1285).

38. The relevant *Sonnax* factors favor denying relief from the automatic stay. Although granting stay relief would resolve Taylor's claims against the Debtor (factor (1)), it would also interfere with this case and the Court's jurisdiction to hear Zampella's Objection (factor (2)). It is undeniable that the state court proceeding is inextricably intertwined with the bankruptcy case, and the outcome of the state court litigation will affect the rights of other creditors of the Debtor. Importantly, the stay here serves the exact purpose it was meant to serve, as articulated in the legislative history of 11 U.S.C. § 362(d)(1): it protects the Debtor from its creditor, Taylor, and allows for a resolution of *all* debtor-creditor claims in this Court. *In re Sonnax Indus.*, 907 F.2d at 1285–86.

39. As to the sixth factor, although the case involves additional parties who are not part of the Bankruptcy Case, Taylor's alleged damages against all defendants are "hundreds of millions

of dollars in [the Debtor's] profits" (Complaint) – the very same damages that give rise to Taylor's Claim No. 5, to which there is now an Objection in this Court. The presence of other parties, when the sole claim for damages is for a share of the Debtor's profits, is therefore not dispositive. Granting relief from stay on those claims would create confusion and inconsistency by resulting in potentially conflicting determinations in the state court and here.

40. As to the seventh factor, Taylor incorrectly focuses his analysis on prejudice to himself (ECF 105 ¶35), whereas this factor requires consideration of prejudice to *the interests of other creditors*. *In re Sonnax Indus.*, 907 F.2d at 1285. And allowing Taylor to proceed will certainly prejudice the interests of other creditors by encouraging a "race to the courthouse," a result this Court has already cautioned against when it declined to dismiss the Debtor's bankruptcy petition in favor of resolving all claims in this Court:

> The point is that a 7 or a bankruptcy where you've got everybody in the different litigations racing after the same thing to see who gets there first, it's made for this. It's not necessarily made for this to stay with the Debtor or debtor-in-possession, but it kind of is made for this purpose of a 7 trustee so we get around this race to the courthouse and all of these competing claims. So I understand why each of you individually wouldn't necessarily want to be part of that party, but I have to look at it in a more global way.

(ECF 53-1, Hr'g Tr. (Nov. 16, 2023) at 32:21-33:6.) There are three additional state court litigations that have been removed by the Debtor to this Court as adversary proceedings – *Sherman v. Zampella et al.*, Adv. Pro. No. 23-1093, *Penner v. Zampella et al.*, Adv. Pro. No. 24-1034, and *Secure Card Management v. Cottonwood Vending et al.*, Adv. Pro. No. 24-1037 – that implicate interests of other creditors, and all those litigation claims should be resolved globally and together with Zampella's Objection to Taylor's Claim No. 5, as part of this Court's debtor-creditor claims resolution process.

12

41. The tenth factor, the interests of judicial economy and the speedy and economic determination of litigation, supports a denial of relief from the stay. The litigation in state court has not progressed much beyond the initial discovery stage, the parties have not taken any depositions, and there are overlapping issues of fact relating to the Debtor's operations and ownership in 2015-16 among Zampella's [Objection](Objection) to Taylor's [Claim No. 5](Claim No. 5) and two adversary proceedings in this Court, *Sherman v. Zampella et al.*, Adv. Pro. No. 23-1093, and *Penner v. Zampella et al.*, Adv. Pro. No. 24-1034. Rule 7042 of the Federal Rules of Bankruptcy Procedure provides that, where there are common issues or law or fact, the Court may join for hearing or trial all matters at issue, consolidate the actions, or "issue any other orders to avoid unnecessary cost or delay." Resolving all the common issues of fact in this Court provides for a single, expeditious forum for the resolution of disputed issues among the parties.

42. The eleventh factor, whether the parties are ready for trial in the other proceeding, is not implicated because the parties are not ready for trial in this Court or the state court.

43. As to the last factor, the impact of the stay on the parties and the balance of the harms, it likewise supports denying relief from the stay for the same reasons as the second, seventh, and tenth factors. *See* ¶¶ 38, 40-41, above.

///

## **CONCLUSION**

The Court should deny Taylor's cross-motion and hear Zampella's Objection.

Dated: Brooklyn, New York
November 27, 2024

     */s/ Ievgeniia P. Vatrenko*
Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, New York 11249
Tel. No. (718) 451-6384
jenny@vatrenkoesq.com

– and –

**FORCHELLI DEEGAN TERRANA LLP**
Gerard R. Luckman
333 Earle Ovington Blvd, Suite 1010
Uniondale, New York 11553
Tel. No. (516) 248-1700
gluckman@forchellilaw.com

*Co-counsel to Creditor and Party in Interest
Aniello Zampella*