Avery Samet
Jeffrey Chubak
Amini LLC
131 West 35th Street
12th Floor
New York, NY 10001
(212) 490-4700
asamet@aminillc.com
jchubak@aminillc.com
- and -
Gregory O. Tuttle
Alex Banzhaf
Alexa DePierro
Tuttle Yick LLP
352 Seventh Avenue
14th Floor
New York, NY 10001
(646) 833-0300
gtuttle@tuttleyick.com
abanzhaf@tuttleyick.com
adepierro@tuttleyick.com
Attorneys for Creditor Robert Taylor

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 23-43027-nhl |
| COTTONWOOD VENDING LLC, | Chapter 7 |
| Debtor. | ECF #106 |

**REPLY OF CREDITOR ROBERT TAYLOR IN FURTHER
SUPPORT OF CROSS-MOTION TO ABSTAIN FROM HEARING
ANIELLO ZAMPELLA'S OBJECTION TO CLAIM #5 AND FOR RELIEF
FROM THE AUTOMATIC STAY TO PERMIT RESOLUTION OF UNDERLYING
<u>LITIGATION ON WHICH THE CLAIM IS BASED IN STATE COURT</u>**

# TABLE OF CONTENTS

                                                          **Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 2

I.      THIS COURT SHOULD ABSTAIN FROM HEARING THE CLAIM OBJECTION ..... 2

         A.      Zampella is Precluded from Challenging the District Court's Determination that the Underlying Litigation Should be Adjudicated in State Court ........................... 2

         B.      The Republic Reader's Service Factors Weigh in Favor of Abstention ................. 4

II.     STAY RELIEF SHOULD BE GRANTED SO THE UNDERLYING LITIGATION CAN BE ADJUDICATED IN STATE COURT ................................................................... 7

CONCLUSION ........................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
    368 B.R. 140 (Bankr. S.D.N.Y. 2007) ................................................................................... 4

*Bullard v. Blue Hills Bank*,
    575 U.S. 496 (2015) ............................................................................................................. 3

*In re Buckskin Realty, Inc.*,
    2016 WL 5360750 (Bankr. E.D.N.Y. Sept. 23, 2016) ........................................................... 3

*Butner v. United States*,
    440 U.S. 48 (1979) ............................................................................................................... 3

*Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*,
    2004 WL 224505 (S.D.N.Y. Feb. 5, 2004) ........................................................................... 3

*In re David X. Manners Co. Inc.*,
    2018 WL 1997674 (Bankr. D. Conn. Apr. 26, 2018) ............................................................ 8

*In re DelTufo*,
    2005 WL 3263929 (Bankr. D. Mass. Aug. 3, 2005) .............................................................. 4

*In re Fedders N. Am., Inc.*,
    2009 WL 2151245 (Bankr. D. Del. July 17, 2009) ............................................................... 5

*In re Johnson*,
    2013 WL 7870833 (Bankr. M.D. La. Dec. 6, 2013) .............................................................. 4

*Joseph & Kirschenbaum LLP v. Tenenbaum*,
    2020 WL 242374 (S.D.N.Y. Jan. 16, 2020) .......................................................................... 5

*Keybank Nat'l Ass'n v. Franklin Advisers, Inc.*,
    600 B.R. 214 (S.D.N.Y. 2019) .............................................................................................. 5

*In re Kossoff PLLC*,
    2023 WL 3361053 (Bankr. S.D.N.Y. May 10, 2023) .......................................................... 11

*Islam v. Brown*,
    24 Misc.3d 1248(A) (Sup. Ct. Queens Co. 2009) ................................................................. 4

*LAR MPH Holding, LP v. Mordini (In re Mordini)*,
    491 B.R. 567 (Bankr. D. Colo. 2013) ................................................................................... 6

*McIntyre v. Fangman (In re McIntyre)*,
 19-ap-1245 (Bankr. D. Colo. Jan. 23, 2020) (ECF [#53](#53)) ........................................................... 6

*In re McIntyre*,
 2022 WL 18000098 (B.A.P. 10th Cir. Dec. 30, 2022) ............................................................ 6

*In re Nasser*,
 2020 WL 5985427 (Bankr. E.D.N.Y. Oct. 8, 2020) ................................................................. 3

*In re Ne. Indus. Dev. Corp.*,
 513 B.R. 825 (Bankr. S.D.N.Y. 2014) ....................................................................................... 5

*In re Ne. Indus. Dev. Corp.*,
 2015 WL 3776390 (S.D.N.Y. June 16, 2015) ........................................................................... 5

*In re Project Orange Assocs., LLC*,
 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010)o ............................................................................ 11

*In re Republic Reader's Service, Inc.*,
 81 B.R. 422 (Bankr. S.D. Tex. 1987) ............................................................................. 1, 2, 4, 5

*Ritzen Group, Inc. v. Jackson Masonry, LLC*,
 589 U.S. 35 (2020) .................................................................................................................... 3

*Skinner v. Janus*,
 2000 WL 432806 (W.D.N.Y. Apr. 14, 2000) .......................................................................... 5

*Sonnax Industries, Inc. v. Tri Component Products Corp. (In re Sonnax Industries, Inc.)*,
 907 F.2d 1280 (2d Cir. 1990) ......................................................................................... 2, 7, 10

*Tallo v. Gianopoulos*,
 321 B.R. 23 (E.D.N.Y. 2005) ................................................................................................... 6

*Taylor v. Zampella*
 2024 WL 456797 (S.D.N.Y. Feb. 5, 2024) ....................................................................... passim

*Taylor v. Zampella*
 2024 WL 1834028 (S.D.N.Y. Apr. 26, 2024) ........................................................... 1, 2, 3, 7, 10

*William v. City of New York*,
 2018 WL 11219952 (S.D.N.Y. July 23, 2018) ......................................................................... 2

*William v. City of New York*,
 771 F. App'x 94 (2d Cir. 2019) ................................................................................................ 2

**Statutes and Rules**

28 U.S.C. § 158 ................................................................................................................................. 3

28 U.S.C. § 1334 .................................................................................................. 1, 2, 3, 5

28 U.S.C. § 1452 ......................................................................................................... 1, 3

CPLR 3126 ................................................................................................................. 7, 10

CPLR Article 52 ............................................................................................................... 9

Fed. R. Bankr. P. 7042 .................................................................................................... 10

Fed. R. Civ. P. 5 ................................................................................................................ 2

Fed. R. Civ. P. 42 ............................................................................................................ 11

Fed. R. Civ. P. 60 ......................................................................................... 1, 2, 3, 7, 10

Creditor Robert Taylor ("Taylor") submits this reply in further support of his cross-motion to abstain from hearing the objection of nondebtor Aniello Zampella ("Zampella") to Claim #5, an unliquidated claim based on Taylor's prepetition state court action against inter alia the Debtor and Zampella, and for stay relief to permit resolution of the underlying litigation on which the claim is based in state court, and states:

**INTRODUCTION**

1. In support of his cross-motion, Taylor argued (ECF #105 ¶¶21-22) that this Court should abstain from hearing the claim objection because the standard for abstention under 28 U.S.C. § 1334(c)(1) is substantially identical to the standard for equitable remand under 28 U.S.C. § 1452(b), and the District Court previously remanded the subject litigation (Remand Order, 2024 WL 456797), pursuant to 28 U.S.C. § 1452(b).

2. In response, Zampella asks this Court to disregard the Remand Order and the analysis of relevant factors therein, because "the Debtor was unaware of the remand motion, and the motion was unopposed" as "Taylor did not serve the Trustee with a copy of his client's motion" (ECF #109 ¶10); and also because (id. ¶¶14-29) according to Zampella, the factors considered in *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 430 n.10 (Bankr. S.D. Tex. 1987) weigh against abstention.

3. Zampella's arguments fail. The District Court previously rejected Zampella's argument concerning insufficiency of service and denied his motion to vacate the Remand Order. (Case 23-cv-8409, ECF #19, 2024 WL 1834028, "FRCP 60 Order".) Zampella is therefore precluded from now challenging the District Court's determination that the underlying litigation on which Claim #5 is based should be adjudicated in state court (Point I.A.) In practical terms, Zampella's claim objection is a collateral attack on the District Court's Remand Order made to a unit of the District Court following denial of his FRCP 60 motion. Such gamesmanship should

not be indulged. In any event, the *Republic Reader's Service* factors weigh in favor of abstention. (Point I.B.)

4. Notably, because the state court stayed the action as against the Debtor and nondebtor defendants (NYSCEF [#145](#)), denial of stay relief would result in this Court having to adjudicate not just [Claim #5](#) (claims against the Debtor) but also claims between nondebtors e.g. Taylor's claims against Zampella, Russo and Basmaji that have no effect on the estate. That would be an absurd result, because this Court lacks subject matter jurisdiction over such claims under 28 U.S.C. § 1334(b) and cannot even make a report and recommendation to the District Court under 28 U.S.C. § 157(c) as to such claims. Stay relief therefore must be granted as to the claims between nondebtors. Stay relief should also be granted as to the claims against the Debtor, to avoid risk of inconsistent judgments and because as discussed below (Point II), Zampella's *Sonnax* analysis is wrong.

## ARGUMENT

### I. THIS COURT SHOULD ABSTAIN FROM HEARING THE CLAIM OBJECTION

**A. Zampella is Precluded from Challenging the District Court's Determination that the Underlying Litigation Should be Adjudicated in State Court**

5. The District Court rejected Zampella's argument concerning insufficiency of service of the remand motion in the [FRCP 60 Order](#), which noted that FRCP 5(a)(2) provides "[n]o service is required on a party who is in default for failing to appear" and held:

> Furthermore, "clients must be held accountable for the acts and omissions of their attorneys." *William v. City of New York*, 2018 WL 11219952, at *1 (S.D.N.Y. July 23, 2018) (Sullivan, J.), *aff'd*, 771 F. App'x 94 (2d Cir. 2019). If Cottonwood wished no longer to be represented by Mr. Horn [attorney who filed the removal notice on its behalf], it was Cottonwood's responsibility to direct a different attorney to file a notice of appearance on its behalf or have Mr. Horn move to withdraw … Absent knowledge that the notice failed to reach the person to be served, Fed. R. Civ. P. 5(b)(2)(e), Plaintiff had no obligation to make paper service upon anyone other than the attorney to be noticed who appeared on Cottonwood's behalf in this case.

(FRCP 60 Order at 8-9.)

6. Given that "the factors for equitable remand are virtually identical to the factors for discretionary abstention pursuant to § 1334(c)(1)," (*Certain Underwriters at Lloyd's, London v. ABB Lummus Glob., Inc.*, 2004 WL 224505, at *8 (S.D.N.Y. Feb. 5, 2004)), the Remand Order is preclusive in effect.

7. "In New York, res judicata requires a showing that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the party against whom res judicata is invoked or its privy; and (3) the claims asserted were or could have been asserted in the previous action." *In re Buckskin Realty, Inc.*, 2016 WL 5360750, at *6 (Bankr. E.D.N.Y. Sept. 23, 2016).

8. As to (1), "[a] default judgment is a judgment on the merits" (*id.*) and of course, there was no default in appearance in the remand proceeding which the Debtor initiated.

9. As to (2), Zampella (who made the claim objection) is of course in privity with the Debtor having attested (ECF #3, #25-3 ¶1) that he is its sole member and manager.

10. As to (3), the permissive abstention analysis Zampella makes herein naturally could have been made to the District Court in opposition to the remand motion.[1]

---

[1] Further, the Remand Order is final, not interlocutory. *Cf. In re Nasser*, 2020 WL 5985427, at *5 (Bankr. E.D.N.Y. Oct. 8, 2020) (order of reference in foreclosure action appointing referee to ascertain amounts due not entitled to preclusive effect because it is interlocutory). Like 28 U.S.C. § 1334(d), 28 U.S.C. § 1452(b) provides "[a]n order entered under this subsection remanding a case or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals." The Remand Order is also final, because as noted in *Ritzen Group, Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 43 (2020), "[it] disposes of a procedural unit anterior to, and separate from, claims-resolution proceedings. [It] occurs before and apart from proceedings on the merits of creditors' claims … Resolution [of such motion] does not occur as part of the adversary claims-adjudication process, proceedings typically governed by state substantive law. See *Butner v. United States*, 440 U.S. 48, 54-55 (1979). Under *Bullard*, a discrete dispute of this kind constitutes an independent 'proceeding' within the meaning of 28 U.S.C. § 158(a)."

## B. The Republic Reader's Service Factors Weigh in Favor of Abstention

11. The *Republic Reader's Service* factors which Zampella states weigh against abstention actually weigh in favor of such relief, as discussed below; and the remaining factors Zampella discusses are described by him as "neutral."

12. <u>Effect on Efficient Administration of the Bankruptcy Estate</u>. Zampella argues (ECF #109 ¶16) that this factor militates against abstention, because resolution of Claim #5 will affect the pool of assets available for distribution to other creditors, and therefore impact their recoveries. But this is true of all claim disputes, and we have found no decision relying on that as a basis for denying abstention.

13. Zampella also argues (ECF #109 ¶17) abstention will present risk of inconsistent judgments. At the outset, the Complaint seeks the same damages against the Debtor and nondebtor defendants, on the causes of action asserted against the Debtor. (Id. ¶¶72-88.) Further, risk of inconsistent judgments would be far greater with the dispute adjudicated in separate forums against different defendants, i.e. the claim objection adjudicated in this Court and the claims against the nondebtor defendants adjudicated in state court. *In re DelTufo*, 2005 WL 3263929, at *2 (Bankr. D. Mass. Aug. 3, 2005) (risk of inconsistent judgments weighs in favor of permissive abstention); *In re Johnson*, 2013 WL 7870833, at *4 (Bankr. M.D. La. Dec. 6, 2013) (similar); *see also Islam v. Brown*, 24 Misc.3d 1248(A) (Sup. Ct. Queens Co. 2009) ("Courts abhor the specter of inconsistent results … Our judicial system is exposed to ridicule when two adjudicating bodies … arrive at contradictory results"). More significantly, the District Court already held consideration of this factor weighs in favor of remand/abstention:

> Because Cottonwood's bankruptcy case is now proceeding under Chapter 7, the trustee will liquidate whatever assets remain in the estate. *See In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 252 (Bankr. S.D.N.Y. 2007). The prosecution of this case [in state court] would not impede that function. Plaintiff does not seek to bring claims on behalf of the estate. And Plaintiff represents, without contradiction,

4

> that the "primary relief" he seeks "is a money judgment against non-debtor Zampella." Dkt. No. 8-6 at 8. Thus, "[w]hether or not Defendants are liable to Plaintiff[] … will not affect the distribution of property of the estate." *Keybank Nat'l Ass'n v. Franklin Advisers, Inc.*, 600 B.R. 214, 233-34 (S.D.N.Y. 2019); *see also Skinner v. Janus*, 2000 WL 432806, at *3 (W.D.N.Y. Apr. 14, 2000). At most, "the outcome of this case could only reduce the estate's liabilities." *Joseph & Kirschenbaum LLP*, 2020 WL 242374, at *6.

(Remand Order at 5.)

14. <u>Extent, Difficulty or Unsettled Nature of the State Law Issues</u>. Zampella argues (ECF #109 ¶18) that this factor weighs against abstention because the Complaint's state law causes of action "are not of any special degree of novelty or difficulty as to require determination by a state court." However, as noted by the District Court (Remand Order at 6), "the factual setting is novel and, in any event, the state court is already familiar with the case [and] 'comity considerations dictate that federal courts should be hesitant to exercise jurisdiction hen state issues substantially predominate.'"

15. <u>Presence of a Related Proceeding in State Court</u>. Zampella argues (ECF #109 ¶19) that this factor weighs against abstention, citing *In re Ne. Indus. Dev. Corp.*, 513 B.R. 825, 839 (Bankr. S.D.N.Y. 2014), *adopted*, 2015 WL 3776390 (S.D.N.Y. June 16, 2015). But that decision does not support his argument. To the contrary, it held the fact that "there is no pending action in a nonbankruptcy forum to which this Court could defer" "weigh[ed] against abstention." That is of course not the case here.

16. <u>Jurisdictional Basis Other than Section 1334</u>. Zampella suggests (ECF #109 ¶20) without support, that the absence of a jurisdictional hook other than 28 U.S.C. § 1334(b) weighs against permissive abstention. The opposite is true. *Republic Reader's Service*, 81 B.R. at 430 n.10 ("another basis for jurisdiction other than Title 11 may militate against abstention"); *In re Fedders N. Am., Inc.*, 2009 WL 2151245, at *2 (Bankr. D. Del. July 17, 2009) ("The following

5

factors weigh against abstention: … (3) The parties have asserted an independent basis for federal jurisdiction based on diversity jurisdiction").

17. <u>Substance Over Form of an Asserted "Core" Proceeding</u>. Zampella's argument that (ECF [#109](#109) ¶22) this factor weighs against abstention because this is a core proceeding is wrong. The District Court already found ([Remand Order](#) at 6) that the underlying state court action does not assert claims that arise under the Bankruptcy Code or arise in a bankruptcy case. Zampella's having interposed a claim objection does not make this contested matter core in substance. *E.g. McIntyre v. Fangman (In re McIntyre)*, 19-ap-1245 (Bankr. D. Colo. Jan. 23, 2020) (ECF [#53](#53)) (citing *LAR MPH Holding, LP v. Mordini (In re Mordini)*, 491 B.R. 567, 570 (Bankr. D. Colo. 2013)) ("Where, as here, the claims [objections to filed proofs of claim, interposed as causes of action in an adversary complaint] do not directly affect the property of the bankruptcy estate, and in large part constitute state law causes of action, they cannot be said to 'arise in' or 'arise under' the bankruptcy proceedings"); *In re McIntyre*, 2022 WL 18000098, at *10 (B.A.P. 10th Cir. Dec. 30, 2022) ("Although the Claim Objections are core proceedings [under 28 U.S.C. § 157(b)(2)(B)], the Bankruptcy Court, focusing on substance rather than form, dismissed them because they were 'simply a reassertion of the [State Law Claims] the Court [had] already abstained from hearing' … Given the state law issues underlying the Claim Objections … the Bankruptcy Court did not abuse its discretion in doing so").[2]

---

[2] This factor dovetails with the "degree of relatedness to bankruptcy proceeding" factor which Zampella argues (ECF [#109](#109) ¶21) "weighs against abstention because this is a core proceeding", citing *Tallo v. Gianopoulos*, 321 B.R. 23, 28 (E.D.N.Y. 2005). However, the fact that "proceedings with respect to … claims are within the core of bankruptcy jurisdiction does not foreclose the application of the doctrine of discretionary" abstention. *Id*. (collecting cases). Indeed, 28 U.S.C. § 1334(c)(1) expressly permits abstention from core proceedings: "nothing in this section prevents a district court … from abstaining from hearing a particular proceeding <u>arising under title 11 or arising in</u> or related to a case under title 11" (emphasis added).

18.  <u>Feasibility of Severing State Law Claims from Core Bankruptcy Matters</u>. Zampella argues (ECF [#109](#) ¶23) this factor weighs against abstention as Taylor's "state law claims … implicate Zampella's conduct in his capacity as Cottonwood's principal, and are therefore inseparable from Taylor's claims against the Debtor."  That is false, and no authority or allegation is cited in support.  In any event, the state law issues can easily be separated because, as noted above, they are core in form only; and in any event the District Court already determined that the state law claims can be adjudicated in state court.

19.  <u>Likelihood of Forum Shopping</u>.  Zampella is clearly engaging in forum shopping, and seeking to move a state court dispute to this Court, following the state court's determination that it may grant relief under CPLR 3126 based on discovery misconduct (discussed below) and the District Court's denial ([FRCP 60 Order](#)) of his motion to vacate the [Remand Order](#).  Zampella does not address this, and instead asks this Court to take up disputes between nondebtors over which this Court lack jurisdiction.

20.  <u>Comity</u>.  Zampella argues (ECF [#109](#) ¶28) this factor weighs against abstention, citing the Sherman and Penner adversary proceedings even though he concedes that "they do not arise from the same nucleus of operative facts" as Taylor's claim.  That they each concern claim allowance ([id.](#), "they all address who may be entitled to a share of the Debtor's estate") is insufficient to move the needle.  Furthermore, the District Court already held comity weighs in favor of remand/abstention.  ([Remand Order](#) at 6.)

**II.  STAY RELIEF SHOULD BE GRANTED SO THE UNDERLYING LITIGATION CAN BE ADJUDICATED IN STATE COURT**

21.  Taylor previously explained (ECF [#105](#) ¶35) why the *Sonnax* factors weigh in favor of stay relief.  Zampella disputes that they do, but as shown below the factors he states weigh against stay relief actually support it.

7

22. <u>Lack of Connection or Interference with Bankruptcy Case</u>. The District Court held (Remand Order at 6) "Plaintiff's claims arise under the state law of New York, not the Bankruptcy Code, and concern events and agreements that preceded Cottonwood's bankruptcy filing by years. They therefore exist entirely independent of the Code and the bankruptcy case … Although the case falls within the Court's bankruptcy jurisdiction, its degree of relatedness is remote" and Taylor previously argued that "stay relief would not interfere with this case. 'Rather, the opposite appears more likely, where the progress of this case appears dependent upon and requires the resolution of issues currently awaiting judgment in the state court'. *In re David X. Manners Co. Inc.*, 2018 WL 1997674, at *6 (Bankr. D. Conn. Apr. 26, 2018)." Zampella has no response except to say "the state court proceeding is inextricably intertwined with the bankruptcy case" (ECF #109 ¶38) which of course the District Court disagreed with. He does not explain how the District Court erred, or even if they were intertwined how that would interfere with the case, instead stating only that Taylor's recovery on Claim #5 would affect the pool of assets available to other creditors, which is true of all claims.

23. <u>Whether the Action Primarily Involves Third Parties</u>. Taylor argued that "the Complaint asserts five claims against three parties, aside from the Debtor and nominal defendant, including two claims which are not even asserted against the Debtor (for fraud and breach of fiduciary duty). As the state court stayed the entire action, stay relief is needed for those claims to be prosecuted." Zampella does not dispute this, but rather argues only that this factor "is … not dispositive" and "[g]ranting relief from stay on those claims would create confusion and inconsistency by resulting in potentially conflicting determinations in the state court and here." (ECF #109 ¶39.) He offers no solution for resolving the claims against the nondebtor defendants over which this Court has no jurisdiction.

24. <u>Whether Litigation in Another Forum Would Prejudice Interests of Other Creditors</u>. Zampella argues "allowing Taylor to proceed will certainly prejudice the interest of other creditors by encouraging a 'race to the courthouse'". (ECF #109 ¶40.) This argument ignores that stay relief is only sought to liquidate Claim #5, <u>not</u> exercise enforcement remedies that would be available outside bankruptcy under CPLR Article 52 except as against the nondebtor defendants. The timing of resolution of Taylor's state court action relative to the Sherman, Penner and/or Secure Card adversary proceedings does not matter to Taylor, and should not matter to them. As noted by the District Court, estate property will be distributed to the respective creditors in accordance with 11 U.S.C. § 726, regardless of whose claims are liquidated first. (Remand Order at 5, "Because Cottonwood's bankruptcy case is now proceeding under Chapter 7, the trustee will liquidate whatever assets remain in the estate … [P]rosecution of this case would not impede that function.") Notably, none of the Chapter 7 trustee or any other creditors have objected to stay relief on the ground that such relief would prejudice them or creditors as a whole.

25. <u>Judicial Economy and the Expeditious and Economical Resolution of Litigation</u>. Zampella argues (ECF #109 ¶41) that this factor weighs against granting stay relief, because "the litigation in state court has not progressed much beyond the initial discovery stage, the parties have not taken any depositions." This is false, and at a minimum materially misleading. The state court held (NYSCEF #45 ¶2) that the defendants waived their right to depose Taylor, by failing to do so by the applicable deadline. While Taylor has yet to depose defendants, the state court made clear that "[s]ince Defendants are delaying with their production, the plaintiff will get an extension of time to take Defendants' depositions, but Defendants don't get an extension just because their [sic] delaying their documents"; and the state court agreed to put off Taylor's deadline to depose them until receipt of their documents. (NYSCEF #113 at 17:22-24, 19:1-4, 20:19-21:3, 22:17-20.) The

state court further cautioned their failure to make production would result in an adverse inference, or striking the answer (id. at 21:4-10) under CPLR 3126. When defendants failed to make production as directed, the Debtor's and Zampella's counsel withdrew. (NYSCEF #106.) The state court action was removed immediately after the return date of Taylor's motion for a default judgment (NYSCEF #110, #112 ¶¶3-11), for failing to timely engage substitute counsel as required by the withdrawal order. Naturally, Zampella is seeking to keep the state court action in this Court, to avoid the consequences of discovery shenanigans of which the state court is aware, and the District Court having denied (FRCP 60 Order) his motion to vacate the Remand Order.[3]

26. Zampella also argues that this Court should deny stay relief because "there are overlapping issues of fact relating to the Debtor's operations and ownership in 2015-16" presented by the claim objection contested matter and the Sherman and Penner adversary proceedings; and that such "common issues of fact" should be resolved in a joint hearing or trial under FRBP 7042 in this Court, so as to "provide[] for a single, expeditious forum for the resolution of disputed issues among the parties." (ECF #109 ¶41.) Insofar as Zampella is relying on disputed fact issues as the basis for denying stay relief, he does not state what those issues are, or identify any disputed fact issue presented in Taylor's state court action that is presented in the Sherman or Penner adversary proceedings or vice versa, which is naturally a requirement for relief under FRCP 42. Accordingly, "overlapping issues of fact" cannot serve as the basis for denying stay relief.[4]

---

[3] This *Sonnax* factor dovetails with the eleventh, "whether the parties are ready for trial in the other proceeding." Zampella states simply that this factor "is not implicated because ethe parties not ready for trial" (ECF #109 ¶42) but ignores that the parties are far along in the state court action, and that a determination on liability would likely be obviated by CPLR 3126 relief.

[4] Taylor's Complaint does not assert an equity interest in the Debtor. This is in contrast to Sherman who asserts (23-ap-1093 ECF #6-4 ¶¶1, 2, 20-21, 53-54, 58-61, 66-68) a 9.9% interest and Penner who asserts (23-ap-1093 ECF #13-13 ¶¶6-7, 29-41, 59, 65, 90) a 25% interest.

10

27. Zampella otherwise has no substantive response to Taylor's argument that "as in *Kossoff*, 2023 WL 3361053, at *8, "the present situation aligns with the rationale of *In re Project Orange Assoc.* and the legislative history that decision quotes … [A creditor] has commenced a proceeding elsewhere that can generate necessary certainty as to the Estate's and [creditor's] obligations and entitlements. No 'great prejudice' will result from allowing a unified adjudication in [another court], and, indeed, the Estate may benefit as a result."

28. <u>Whether Relief Would Result in Partial or Complete Resolution of the Issues</u>. Zampella does not dispute that abstention and stay relief would permit liquidation of Claim #5 in state court.

29. <u>Whether the State Court Action Involves the Debtor as Fiduciary</u>. Nor does Zampella dispute that the Complaint asserts a fiduciary duty claim only against nondebtors.

## **CONCLUSION**

30. Taylor's cross-motion to abstain and for stay relief to liquidate Claim #5 in state court should be granted.

| | |
|---|---|
| Dated: New York, NY<br>November 29, 2024 | Amini LLC<br><br>/s/ Jeffrey Chubak<br>Avery Samet<br>Jeffrey Chubak<br>131 West 35th Street<br>12th Floor<br>New York, NY 10001<br>asamet@aminillc.com<br>jchubak@aminillc.com<br>(212) 490-4700<br>- and -<br>Gregory O. Tuttle<br>Alex Banzhaf<br>Alexa DePierro<br>Tuttle Yick LLP<br>352 Seventh Avenue<br>14th Floor<br>New York, NY 10001<br>(646) 833-0300<br>gtuttle@tuttleyick.com<br>abanzhaf@tuttleyick.com<br>adepierro@tuttleyick.com<br>Attorneys for Creditor Robert Taylor |